IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>DENNIS B. EVANSON, BRENT H. METCALF, STEPHEN F. PETERSEN, REED H. BARKER, WAYNE F. DEMEESTER and GRAHAM R. TAYLOR,<br><br>  Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART MOTIONS FOR BILL OF PARTICULARS**<br><br>Case No. 2:05-CR-805 TC<br><br><br>District Judge Tena Campbell<br><br><br><br>Magistrate Judge David Nuffer |

Under 28 U.S.C. § 636(b)(1)(A) the magistrate judge has been referred motions for bill of particulars.[1]

> The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense.  If the indictment sets forth the elements of the offense charged and sufficiently apprised the defendant of the charges to enable him to prepare for trial" a bill of particulars is not necessary.  Significantly, a defendant is not entitled to notice of all of the evidence the government intends to produce, but only the theory of the government's case, for a bill of particulars is not a discovery device.[2]

The movants claim[3] that the conspiracy count of the Indictment fails to give adequate notice of the acts alleged against each Defendant because paragraphs 17 through 57 make

---

[1] Defendant Demeester's Motion for a Bill Of Particulars, docket no. 116, filed August 25, 2006; [Defendant Taylor's] Motion for a Bill of Particulars, docket no. 133, filed August 25, 2006.  Defendant Taylor also joined in Demeester's motion.  *See* Taylor's Motion to Join Co-Defendants' Motions, docket no. 178, filed September 5, 2006.

[2] *U.S. v. Tyler*, Nos. 00-6284, 00-6341, 2002 WL 1354122, *2 (10th Cir. June 21, 2002) (unpublished decision)(internal citations and quotation marks omitted).

[3] Defendant Demeester's Motion For A Bill Of Particulars at 2-30; [Defendant Taylor's] Memorandum of Points and Authorities in Support of Motion for a Bill of Particulars at 3-7, docket no. 134, filed August 25, 2006.

allegations against all "Defendants" with only a handful of allegations against specific persons.[4] There are, however, an additional hundred paragraphs pertaining to the conspiracy count which do allege specific acts by specific named individuals.[5]

The 40 paragraphs which do not name specific Defendants are not all of the same type. Some are general, conclusory, illustrative characterizations with an explanatory, summary, or introductory function. Some examples are:

> The DEFENDANTS devised, organized, promoted and sold a scheme, the purpose and effect of which was to defraud the United States of America, by attempting to fraudulently conceal their clients' income from the IRS, by evading the DEFENDANTS and their clients' income tax liability, and by defrauding the United States in its revenue collecting capacity. In all, approximately 75 clients throughout the United States purchased and used the DEFENDANTS' scheme. The DEFENDANTS caused over $60 million dollars in income to be concealed from the IRS, which resulted in a loss to the United States of at least $20 million.[6]
>
> The DEFENDANTS created a method whereby clients purportedly entered into currency contracts that qualified for Section 988 treatment. These purported currency contracts were designed to always produce losses for the clients. In fact, in almost every case there were no actual currency trades; rather, the DEFENDANTS merely created paperwork reflecting a fictitious contract which concluded with a loss for the client. Moreover, in many cases, the documents reflecting the trades were backdated; the documents were prepared after the trades supposedly took place. The purpose of this was to create false deductions to offset the clients' ordinary income and thereby evade their income taxes.[7]
>
> Regardless of whether the clients had contributed cash or had become partners in Omega Forex by taking out loans, the DEFENDANTS prepared or caused to be

---

[4] Indictment, docket no. 1, filed November 2, 2005. ("Demeester liquated the legitimate assets from the clients' I.R.A. accounts. Demeester then caused the clients' I.R.A.'s to purchase worthless shares of Press Services." Indictment ¶ 32. *See also* ¶ 33. "Evanson and Peterson used said fees for their personal benefit . . . ." ¶56. Paragraphs 56 and 51 refer to "Evanson-controlled accounts.")
[5] *Id.* ¶¶ 58-158.
[6] *Id.* ¶ 19
[7] *Id.* ¶ 22.

> prepared tax returns for the clients on which these fictional currency losses were reported.[8]

These paragraphs are intended to explain the theory of the case, and are subject to proof at trial, which may or may not involve certain Defendants. All Defendants are on notice that claims against them may fall under these paragraphs. But the government would not be required at this point to identify specific Defendants or testimony and documents which could support eventual findings. More examples of this sort of allegations include the following:

> The DEFENDANTS, using the scheme delineated above, promoted, solicited and sold to approximately 75 clients, for a substantial fee, a fraudulent scheme which defrauded the United States and the I.R.S., Department of Treasury in excess of $20 million of federal income taxes. The manner and means employed by the DEFENDANTS and others to effect the objects of the conspiracy were as follows: The DEFENDANTS promoted and solicited their scheme through conferences, promotional materials and opinion letters;
> The DEFENDANTS falsely represented that the scheme would lawfully eliminate or substantially reduce the clients' federal income tax liabilities . . . .[9]

These allegations would not be properly subject of a bill of particulars.

A few of the allegations of the first count, however, appear to allege *specific acts which logically might only be performed by one person*, but do not identify an actor.

> The DEFENDANTS maintained a general ledger in order to track the payments to and from each client. The DEFENDANTS maintained this general ledger in the name of International Capital Management (I.C.M.).[10]
>
> The DEFENDANTS credited the amount of the "premiums," less the DEFENDANTS' fees, to the clients' individual I.C.M. sub-ledger accounts.[11]
>
> The DEFENDANTS then credited the clients' respective I.C.M. sub-ledger accounts in an amount equal to the price of the Press Services shares DEMEESTER had caused them to purchase, less the DEFENDANTS' fees.[12]

---

[8] *Id.* ¶ 25.
[9] *Id.* ¶¶ 46-49.
[10] *Id.* ¶ 17.
[11] *Id.* ¶ 29.

>The DEFENDANTS kept track of these payments in the I.C.M. general ledger.[13]
>
>The DEFENDANTS also created an entity called Northwest Rentals, L.C. that purchased vehicles for the clients under the guise of leases.[14]
>
>The DEFENDANTS then created false paperwork that reflected leases between Northwest Rentals and the clients.[15]
>
>Using Children's Charities International, an entity created by the DEFENDANTS . . . .[16]

These allegations should be clarified by a bill of particulars to inform the movants of the specific charges *against each of them* with sufficient precision *to allow each to prepare his defense*. The government should identify the Defendant or Defendants who is alleged to have taken these actions.

Other allegations which might refer to a specific person are clarified in later specific allegations of the indictment or in documentary evidence in the Defendants' possession through discovery. These allegations need no clarification. An example is the allegation of tax return preparation, mailing and filing.

>The DEFENDANTS prepared and caused to be prepared, mailed and filed with the IRS, false and fraudulent income tax returns.[17]

Later paragraphs clarify these allegations, identifying those who prepared and filed tax returns.[18]

---

[12] *Id.* ¶ 33.
[13] *Id.* ¶ 35.
[14] *Id.* ¶ 38.
[15] *Id.*
[16] *Id.* ¶ 39.
[17] *Id.* ¶ 57.
[18] *See id.* ¶¶ 72, 76-77, 81, 84, 86-87, 92-97, 103-108, 110-113, 116, 125-129, 132-135, 137, and 139-151.

## ORDER

IT IS HEREBY ORDERED that the motions[19] for bill of particulars are GRANTED IN PART in that the government shall identify the Defendant or Defendants alleged to have taken the actions identified in Paragraphs 17, 29, 33, 35, 38 and 39 of the Indictment.

Dated this 12th day of October, 2006.

BY THE COURT

_____
David Nuffer
United States Magistrate Judge

---

[19] Defendant Demeester's Motion for a Bill Of Particulars, docket no. 116, filed August 25, 2006; [Defendant Taylor's] Motion for a Bill of Particulars, docket no. 133, filed August 25, 2006.